74 So.2d 161

**ROUX   v.   STASSI et al.**

No. 41497.

May 31, 1954.

Rehearing Denied July 2, 1954.

Sidney G. Roos, New Orleans, for defendants-appellants.

William J. Lopez and William B. Morgan, II, New Orleans, for plaintiff-appellee.

HAMITER, Justice.

In a written contract signed on May 5, 1952, by George J. Roux (as purchaser) and H. M. Tuttle and John A. Stassi (as owner and selling agent, respectively), it was agreed that the former would buy and the others would sell a new house and lot located in the City of New Orleans, Number 4538 Stemway Drive (being one of 23 houses in Stemway Drive Subdivision constructed and offered for sale by Tuttle and Stassi), for the price and sum of $9,300. Of that total consideration $1,000 in cash and a note for $600 were deposited by Roux.

Among others, the following recitals were contained in the written agreement. "This sale is conditioned upon the ability of the purchaser to borrow upon this property as security the sum of $7700 by a mortgage loan * * *. Should the loan stipulated above be unobtainable by the purchaser, seller or agent within sixty days from date of acceptance hereof, this contract shall then become null and void, and the agent is hereby authorized to return the purchaser's deposit in full. * * *

Act of Sale to be passed before Lender's Notary, on or prior to July 5, 1952 at expense of purchaser. * * * In the event the seller does not comply with this agreement within the time specified, the purchaser shall have the right either to demand the return of his deposit in full plus an equal amount to be paid as penalty by the seller; or the purchaser may demand specific performance, at his option."

On July 20, 1952 the prospective purchaser (Roux) moved into the premises, notwithstanding that the house was not then completed, and he proceeded to make a few improvements. There he resided until the early part of November, 1952 when, having been unable to obtain a merchantable title to the property, he relinquished his possession and went elsewhere to live. The failure of title was due to the existence of numerous recorded material and labor liens, the contractor on the project of constructing the 23 houses having previously defaulted on his undertaking; and those liens were not satisfied, and the title was not rendered merchantable, until March, 1953, following the conducting of considerable litigation against the contractor and his surety, the Houston Fire and Casualty Insurance Company.

Meanwhile, in September, 1952, John A. Stassi became the owner of the entire building project (23 houses, including the property in question), he having acquired it by deed from H. M. Tuttle and having assumed the latter's obligations with re-

spect thereto. And thereafter Roux's attorney made demand on Stassi for either the furnishing of a clear title to the house and lot sought to be purchased or for a refund of the deposit previously made by Roux.

The demand having been unsuccessful, this suit against Stassi and Tuttle was filed by Roux on December 3, 1952. In it, to quote from the petition, he claims as follows:

"Petitioner now requests that this Honorable Court cause said John A. Stassi and H. M. Tuttle to abide by their said agreement and cause them to return unto the petitioner the deposit of one thousand dollars ($1,000.00) cash, his personal note for six hundred dollars ($600.00), and a like amount, or one thousand six hundred dollars ($1,600.00), as penalty, all as per said agreement.

"And in the alternative, if this Honorable Court feels that the failure of Mr. Stassi and Mr. Tuttle to comply with the agreement to purchase or sell was occasioned by no fault of theirs and that they are not liable for the fault of others, the petitioner requests this Honorable Court to cause unto the petitioner the deposit of one thousand dollars ($1,000.00) cash, his personal note for six hundred dollars ($600.00) and damages occasioned by his improvement of the aforementioned property."

The claimed damages for improvements amount to $200.10 and are itemized as soil and grass for yard, utility installations in house, personal labor, and moving expenses.

In their answer, to which was attached a call in warranty directed to the Houston Fire and Casualty Insurance Company, defendants asked that the suit be dismissed. Alternatively, they prayed for the allowance of a credit of $600 on any judgment rendered against them, such amount being allegedly for rent due by plaintiff during his occupancy of the house, and that the warrantor be required to pay them the same sums for which they might be cast.

The district court, after a trial, condemned defendants, in solido, to pay to plaintiff the sum of $2,100.10, this representing the $1,000 cash deposit, plus an equal amount as a penalty, and approximately one-half of the improvement damages claimed; and it ordered them to return the deposited $600 note. Further, it dismissed defendants' call in warranty, exceptions of no right and no cause of action having been sustained.

Defendants are appealing. Plaintiff has neither appealed nor filed answer to defendants' appeal.

In the concluding paragraph of their brief to this court, appellants' counsel state: "Our analysis, humbly made, is that Roux is entitled to the return of his note for $600.00; that he is entitled to the return of his $1,000.00 less the reasonable value of rental which we believe is $600.00, and that the only judgment this Court should award

is $400.00 to the said George J. Roux, plus the return of his note." By this excerpt, as we understand it, counsel are conceding that the district court correctly decreed reimbursement of the $1,000 cash deposit and a return of the $600 note. They are contending, on the other hand, that the court erred in granting a penalty of $1,000 (an amount equal to the cash deposit), in awarding improvement damages of $100.10, and in disallowing appellants' rental claim (as a credit) of $600.

As to the last two items there appears no error. The evidence preponderately shows that plaintiff expended at least the sum of $100.10 in improving the property. And it was conclusively proved that he, as well as many other prospective home purchasers in the subdivision, was permitted by defendants to occupy the premises rent free pending the obtaining of a loan and the furnishing of a merchantable title.

However, plaintiff, in our opinion, is not entitled to recover the penalty of $1,000. The entire suit, particularly the penalty demand, is predicated solely on the written contract executed by the parties of date May 5, 1952. And this contract, under its own terms and without the fault of any of the subscribers thereto, came to an end sixty days following its execution and before it could be effectuated. Thus, as pointed out above, the sale was conditioned on the securing of a mortgage loan on the property, and the agreement specifically stipulated that on failure by the "pur-

chaser, seller or agent" to obtain it within sixty days the contract would become null and void. In this instance the loan was unobtainable during that period, all because of the default of the contractor engaged to construct the entire project (over whom neither the plaintiff nor defendants had control) and of the resulting recorded material and labor liens which the surety on the contractor's bond refused to settle amicably.

For the reasons assigned the judgment of the district court is amended by reducing the monetary award in favor of plaintiff from $2,100.10 to $1,100.10; and, as thus amended, such judgment is affirmed. Plaintiff shall pay the costs of this appeal.