86 So.2d 113

Lawrence PRIMM et al.

v.

Philip J. ZOLLINGER et al.

No. 42169.

Feb. 20, 1956.

Casey, Babin & Casey, New Orleans, for defendants and plaintiffs in reconvention, appellants.

Charles Kohlmeyer, Jr., Thomas F. Jordan, John T. Chambers, Jr., Lemle & Kelleher, New Orleans, for plaintiffs and appellees.

HAMITER, Justice.

In a written "agreement to purchase or sell", executed June 8, 1951 on a standard form used by the New Orleans Real Estate Board, Lawrence Primm contracted to buy from G. J. Pitre and Philip J. Zollinger (who agreed to sell) the premises known as 37 Egret Street, Lake Vista Subdivision in the City of New Orleans, a specific provision therein being that the act of sale would be passed on or prior to July 8, 1951. Later, by a supplemental agreement, such time was extended to August 8, 1951. However, the entire period expired without performance of the contract.

Primm, thereupon, made demand upon Pitre and Zollinger for the return of his deposit of $1,765 and also, pursuant to the terms of the written contract, for the payment of an equal amount as a penalty. When this was refused he, together with one Raymond B. Nunnery, Sr., who apparently was aiding Primm financially in the proposed purchase, instituted this suit to recover the deposit plus the claimed penalty, a total of $3,530. Alternatively, plaintiffs prayed for judgment in the amount of the deposit.

In an answer and reconventional demand the defendants averred that plaintiffs had failed to tender performance within the time specified for passing the act of sale and that, by reason thereof and under the terms of the contract, the deposit had been forfeited. Accordingly, they prayed for judgment in reconvention recognizing them as the owners of the deposit and condemning plaintiffs to pay the further sum of $908.48, representing attorney's fees and costs incurred in connection with the transaction.

Intervening in the cause was J. Clarence Hirsch, a realtor. He joined the defendants in urging their reconventional demand and further prayed that he have judgment against plaintiffs in the sum of $806, being the commission allegedly due him on the sale of the premises.

After trial of the merits the district court rendered a judgment in favor of plaintiffs (on their alternative demand) for the sum of $1,765. The judgment additionally rejected the reconventional demand of defendants and the claim of intervenor.

Only the defendants appealed from the judgment. Plaintiffs have answered the appeal, praying that they be awarded not only their deposit of $1,765 but also an equal amount as a penalty.

Time was of the essence of the contract under consideration, the parties having agreed that the act of sale would be executed on or prior to August 8, 1951. However, as before shown, that date passed without a fulfillment of the agreement.

Appellants as well as appellees assume the position and insist that the nonfulfillment of the contract was due to a failure on the part of the other to tender performance within the time specified (failure of the purchaser to offer to take title and of the sellers to tender a merchantable title). And on this assumption there is sought to be enforced the reciprocal penalty provisions of the agreement insofar as they are favorable to the respective litigants (plaintiffs claim the right to recover double the deposit, while the defendants assert that they are entitled to have declared a forfeiture of the deposit and to recover damages).

But the invoked penalty provisions are immaterial, and cannot be considered, in a determination of this litigation. Contained in the written agreement was the following important stipulation: "This sale is conditioned upon the ability of the purchaser to borrow upon this property as security the sum of $10,000.00 by a mortgage loan * * *. *Should the loan stipulated above be unobtainable* by the purchaser, seller or agent within 20 days from date of acceptance hereof, *this contract shall then become null and void, and the agent is hereby authorized to return the purchaser's deposit in full."* (The 20-day period was extended by the supplemental agreement to include August 8, 1951, the expiration date of the contract.) And such purchaser, seller or agent, as the evidence conclusively shows, was unable to obtain the desired and required mortgage loan within the extended period. Thus, the stipulated condition precedent for a consummation of the proposed sale was never satisfied; and consequently the entire agreement, according to its terms, became null, void and ineffective—this including, of course, the penalty provisions which the respective litigants are here seeking to enforce. (Italics ours.)

It is true, as appellants point out, that the Equitable Mutual Homestead Association of New Orleans had agreed on July 20, 1951 to make the loan. But the lending agreement was not unqualified; it was conditioned on an approval, to be furnished by the Homestead's attorney, of the title to the property which was to serve as security for the mortgage loan. And the

attorney's approval was not forthcoming, because of certain defects found in the title, until after the expiration of the mentioned extended period.

A contract containing an identical mortgage loan stipulation was considered by this court ·in Roux v. Stassi, 225 La. 913, 74 So.2d 161. There we held that since the loan was unobtainable within the specified time the entire purchase and sale agreement became null and ineffective and that, accordingly, the purchaser was not entitled to recover the prescribed penalty of a sum equal to the amount of his deposit.

For the reasons assigned the judgment appealed from is affirmed.

FOURNET, C. J., absent.